There were several counts in the indictment. On the trial before Martin J., at NEW HANOVER, it appeared that the prisoner was a slave, the property of one West, of Virginia; that he had absconded several years before from his master's service — had passed as a free man, and acted as steward on board the brig Fisher. It further appeared that Nathan Green, the alleged (341) owner of the slave concealed, was a free man of color, a dark mulatto, and a resident of this State.
The prisoner being convicted, and motions for a new trial and in arrest of judgment, being overruled, sentence of death was pronounced against the prisoner from which he appealed.
The jury found "the prisoner at the bar, Edmund, guilty of the felony of concealing, conveying and carrying as charged in the bill of indictment." The grounds on which the motions for new trial, and in arrest of judgment were founded, were "that the prisoner, being a slave, was neither mariner nor person within the meaning of the act; and that Green, the owner of the slave concealed, being a mulatto, was not a citizen of the State.
To authorize judgment of death upon this verdict, it must be taken to be a general verdict of guilty. If it was so intended, it is astonishing that it was not entered without a qualification. It certainly is qualified; but whether it be so much so as to render it uncertain, is the question. I think it too ambiguous to found a judgment on, which may have such important consequences; though I have been a good deal staggered in considering the case. But I am finally satisfied, that as the Court can intend nothing in such a case, it is proper to reverse the judgment, and order a venire de novo. It has been argued at the bar, that the words, "the felony" include the whole case, because that felony cannot exist without the intent, and the felony is found "in manner and form, as charged in the indictment." I should think so too, if there had been no other words but "guilty in manner and form as charged, etc." But the verdict says also, "the felony of carrying, conveying and concealing in manner and form as charged." The felony found then, consists of
those acts of carrying, etc. Does "manner and form" extend to more than the circumstances of time and place, and the general epithet "feloniously" applied to those overt acts (342) in the indictment? For the indictment as it ought, not only charges generally that the overt acts were done feloniously, but also avers, as it must aver specially, that they were done with the particular intent, specified in the statute, to carry the slave out of the State, and to enable her to make her escape out of the State. It seems to me that the "manner and form" is annexed in the verdict barely to the facts found in it, and not to the intent alleged in the indictment, which is then allegedas a fact, distinct from the acts, which that intent makes criminal. If the verdict had gone on to negative the intent, it would not have been repugnant, in which case the Court is obliged to disregard it; but it would have been an acquittal. Rex v. Simonds, Sayre, 34. Why would it not have been repugnant? Because the first part does not include the intent; and, therefore, does not contradict the latter part, which negatives the intent. For if the intent be included in both, it would be manifestly contradictory, and amount to nothing. Suppose an indictment with two counts; the one for assault, and the other for an assault with intent to commit a rape. A general verdict of guilty is not given; but "guilty of theassault in manner and form as charged." I think it could hardly be said, that the intent in the latter count was found; since there was enough to satisfy the verdict, without doing so. I consider, therefore, that this verdict does not certainly find the intent, and for that *Page 280 
reason is incomplete. This conclusion is the more satisfactory, because it has the sanction of an adjudged case in Pennsylvania. Bayles v. TheCommonwealth, 2 Serg. Rawl., 40.
Upon the points made for a new trial, I have no doubt. The case made by the evidence is clearly within the statute.