L. G. DANIELS, Ad. de bonis non of S H. Fowler, and guardian of Ruth H. Daniels and Henrietta Fowler v. CHARLES H. FOWLER, JAMES O. BAXTER, CHARLES H. FOWLER, Administrator et als.

(Decided November 22, 1898).

*Motion for New Trial—Deed—Undue Influence—Tax Lists—Administration—Accounts.*

1. Mere irregularities occurring on the trial below for which the Judge in his discretion might set aside the verdict, not sufficient ground to support a motion here for a new trial.

2. While the insolvency of an assignee and the fact of his having been many years in the employment of the principal party secured would be no evidence of fraud on his part in procuring the execution of a deed, when he was not present when the deed was made, yet coupled with the fact that he afterwards refused to allow the guardian of the children of the deceased maker to see his books, accounts of sales and vouchers—they would all be circumstances for the consideration of the jury upon the issue of fraud.

3. While tax lists are not competent evidence to show the value of land, the valuation being made by third parties not examined as wit-

DANIELS v. FOWLER.

nesses, yet they are evidence against the parties listing personal property.

4. An administrator, who after many years, still has funds in hand belonging to the estate, is liable to an account.

5. A party who seeks benefit from one side of an account kept by himself cannot object to the other side of the account being considered by the jury.

CIVIL ACTION tried before *Norwood, J.*, at May Term, 1898, of the Superior Court of PAMLICO County.

The action was instituted by the plaintiff as administrator *de bonis non* of S. H. Fowler and guardian of his children to set aside a deed of trust from S. H. Fowler to defendant Baxter, and for an account as to matters relating to this deed and the administration of defendant, C. H. Fowler, former administrator upon the estate of S. H. Fowler.

The jury having found in response to one of the issues submitted—Q. Was the execution of the said deed of trust procured by the fraud and undue influence of the defendant C. H. Fowler and J. O. Baxter?

Answer, "Yes."

There was an order of reference made by his Honor to Hon. H. G. Connor as referee to hear evidence and report his findings of facts and conclusions of law as to all other matters mentioned in the pleading, &c.

Defendants excepted and appealed.

*Messrs. W. W. Clark* and *O. H. Guion*, for defendants (appellants).

*Messrs. Simmons, Pou & Ward*, for plaintiffs.

MONTGOMERY, J. Upon the call of this case in this Court, the counsel of the defendants made a motion, based on affidavits, for a new trial on the ground of having discovered material evidence since the case was

docketed in this Court. The application is founded on the alleged misconduct of one or more of the jurors. The instances indeed are few where this Court has granted a new trial for such cause. In *Davenport* v. *McKee*, N. C., 500, the Court said on this subject, "The only case in which a new trial will be granted in this Court is the discovery of such new evidence as was proper to be heard by the jury, a judge or a referee in passing upon and finding the facts, and not for irregularities occurring on the trial and for which the Judge in his discretion might set aside the verdict or finding and reopen the case." We are not disposed to make a departure from this rule upon the facts disclosed in the affidavits before us.

Four causes of action are stated in the complaint, although they are not separately set out. As a first cause it is alleged that the deed of trust which was executed by S. H. Fowler to J. O. Baxter, one of the defendants, was void for the reason that the grantor was at the time of its execution, without sufficient mental capacity to execute it, and also that it was procured through the fraud and undue influence of Baxter and C. H. Fowler, another one of the defendants.

As a second cause of action it is alleged that the defendants Baxter, C. H. Fowler and J F. Cowell, another defendant, fraudulently combined to get possession of the property conveyed in the deed of trust and that they did, after the execution of the deed of trust, fraudulently convert the property to their own use. In the third cause of action it is alleged that the defendant Kennedy fraudulently aided the defendant C. H. Fowler to acquire a part of the real estate conveyed in the deed; and the fourth cause of action sets out that the defendant C. H. Fowler qualified as administrator of S.

H. Fowler, that he took possession as such administrator of certain property of his intestate not included in the deed of trust and that he made a false and fraudulent report of his administration. The action was brought by the plaintiffs who are children and heirs at law of S. H. Fowler and L. G. Daniels, Administrator d. b. n. of S. H. Fowler, to have the deed set aside and an account taken both as to the matters relating to the trust deed and the administration of the intestate's estate. The plaintiffs introduced evidence tending to show the want of mental capacity of S. H. Fowler to execute the deed and also to show fraud on the part of Baxter and C. H. Fowler in procuring the execution of the deed. Mrs. Wharton, the sister of the grantor, testified that on the morning before his death on the following night, he was in an unconscious condition produced by a stroke of paralysis: that while he was in that condition some gentlemen came in (afterwards shown by other witnesses to have been C. H. Fowler and Mayhew, his attorney, and E. G. Wise) and she was asked out of the room, together with the others who were there when the gentlemen arrived. Church Miller, a deputy Clerk of Pamlico Superior Court, met Fowler, Mayhew and Wise there by appointment of C. H. Fowler at the same time, and took what purports to be the probate of the deed. He testified that S H. Fowler was a very sick man; that he thought he did not take notice of anything; that S. H. Fowler did not sign the paper himself but that Mayhew, the attorney, took hold of his hand and helped him to make his mark, though ordinarily he wrote a very good hand; that he did not think he understood the nature of the transaction nor what he was doing. That Mayhew told him that it was an assignment or a paper, and that they did not read

the paper to him.  E. G. Wise testified .that Mayhew
called Miller and himself and asked them to go into
Fowler's house with him; that he saw Fowler sign the
paper; that it was not read to him; that Fowler said
nothing; that Mayhew put the pen in Fowler's hand and
helped him make his mark, that he did not think he
was conscious.  It was admitted that Baxter had been
in Fowler's service for twenty-five years and that Baxter
was insolvent at the time of the execution of the deed.
It was also admitted that the stock of goods embraced
in the deed of trust was sold by Baxter at private sale to
the defendant C. H. Fowler at 60 cents on the dollar at
inventory price, and that the land was sold at auction
and bought by the defendant C. H. Fowler and that he
paid no money at that time but that the purchase money
was credited on C. H. Fowler's debt and on the account
due C. H. Fowler for money advanced by him in com-
promising S. H. Fowler's debts.  In the defendants'
joint answer they admitted that before this action was
brought, the plaintiffs, through their guardian, requested
the defendant Fowler to permit him to examine the
alleged account of $9,000 which defendant Fowler
claimed that S. H. Fowler owed him and which was
claimed to be secured in the deed of trust, and that
Fowler declined to permit the inspection of the amount.
It was further admitted in the answer that prior to the
beginning of this action the guardian of the plaintiff
twice requested Baxter, the assignee, to permit him to
inspect his inventory of the alleged assigned estate, his
itemized account of sales of the real and personal
property conveyed in the deed, his vouchers as such
assignee, and the papers and books belonging to the
alleged assigned estate, and that Baxter refused all of
these requests.  It was further admitted in the answer

that on one occasion, when these requests were made and refused, the defendants Fowler and Baxter were together in the store of Fowler, and that Baxter admitted that all of his books, papers, accounts and vouchers were then in the store. It was further admitted in the answer that the defendant Baxter, assignee, took into his possession the property mentioned in the deed of trust and made sales thereof to Fowler. The defendant Fowler admits in his answer that he filed no account of his administration with the estate of S. H. Fowler until after a period of ten years from his qualification.

The plaintiffs entered a *nol pros* as to the cause of action against Kennedy, and it was agreed that only the pleas in bar should be tried. Upon the plaintiff's evidence, the defendants, under the Act of 1897, Chapter 109, moved to dismiss the causes of action set out in the complaint, except those which referred to the assignment alleged to have been made by S. H. Fowler. The motion should have been allowed as to the second cause of action, for there was no evidence introduced tending to sustain it.

The motion as to the fourth cause of action was properly disallowed. The plaintiffs alleged that the defendant C. H. Fowler qualified as administrator of S. H. Fowler; that assets came into his hands and that he made a fraudulent report of the same. The defendant, C. H. Fowler, denied that his report was fraudulent, but admitted that he had received assets belonging to the estate of his intestate, and that ten years elapsed after his qualification as administrator before he made a report or filed any account. The plaintiffs were therefore entitled to an account. *Neil* v. *Becknell*, 85 N. C., 299.

DANIELS *v.* FOWLER.

After the motion to dismiss was overruled, evidence was given for the plaintiffs and for the defendants. The plaintiffs offered the books of C. H. Fowler. which contain the account of C. H. Fowler & Co. (S. H. Fowler having been one of the company). The object of this evidence was to show that the amount due by S. H. Fowler to C. H. Fowler, for C. H. Fowler's interest in the stock of goods of C. H. Fowler & Co., which S. H. Fowler had bought and which was the debt claimed in the deed, was not worth $9,000 set out in the deed, and that the balances had been forced in order to make up the sum mentioned in the deed. The defendants objected to the testimony of the witness Strong, who as an expert in book-keeping and hand-writing. was examining these books, in reference to the account of C. H. Fowler & Co. The books were undoubtedly before the court, and they are described in the case on appeal as "the books of C. H. Fowler containing the C. H. Fowler account" and the objection. too, seems to be pointed, not to the books, but to the account of C. H. Fowler & Co.—a part of the books. We think it was competent for the purposes for which it was introduced.

There was also an objection made by the defendants to the introduction of the credit side of the account against S. H. Fowler on the books of C. H. Fowler, to show that the aggregate credits for ten years did not exceed $600. We think that evidence was competent as evidence to show that, under the circumstances set out in this case, the debt of $9,000 claimed by C. H. Fowler against S. H. Fowler was fraudulent. But the testimony of C. H. Fowler himself relieves the case of any trouble, if any existed, in respect to the introduction of testimony concerning the books of C. H. Fowler and the account of C. H. Fowler & Co. He said "the books

show what I have received from S. H. Fowler on his debt to me for my interest in the co-partnership. In response to your question (question put by counsel of plaintiffs) as to how much S. H. Fowler had paid me on that debt, I adopt the books as my answer." The purchase by S. H. Fowler of C. H. Fowler's interest in the goods was made in 1877 and the purchase price was claimed to be between $6,000 and $7,000. To prove that that could not have been the true value of the goods and was a fraudulent claim against S. H. Fowler, the plaintiffs were allowed to introduce the tax list of 1876, which showed that C. H. Fowler & Co. listed only $1650 for taxation, and $525 in 1877. We think the evidence was admissible. In *Cardwell* v. *Mebane,* 68 N. C., 487, this Court held that "tax lists were not competent evidence to show the value of land, as the assessors were not witnesses in the case sworn and subject to cross examination in the presence of the jury." But for the purposes for which this evidence was offered, the decision in that case has no bearing If the amount listed for taxation for C. H. Fowler & Co. was all upon the *real estate* of the firm, then the tax list was evidence that C. H. Fowler & Co. had no stock of goods at the time of the sale of C. H. Fowler's interest to S. H. Fowler, and if the whole consisted of the goods, then the interest of C. H. Fowler in the same was worth only a few hundreds instead of thousands.

The foregoing is based upon the fact that the taxpayers themselves, and not the assessors of real estate, value their personal property under oath. The listing of this property was the valuation which these partners put upon their stock of goods at or about the time of the sale, and is competent between them as admissions

as to value—not conclusive, but still some evidence of value. Two issues were submitted to the jury:

1. Did S. H. Fowler have sufficient mental capacity to execute the deed of trust to J. C. Baxter, mentioned in the complaint?

2. Was the execution of the said deed of trust procured by the fraud and undue influence of the defendant C. H. Fowler and J. C. Baxter?

The jury responded to the first issue 'Yes" and to the second "Ÿes."

As to defendant Baxter, we deem it probably just to him to say that the evidence was not conclusive as to him, but there was some evidence, and the weight of it was for the jury. That he was insolvent at the time of the execution of the deed and that he had been in the employment of C. H. Fowler for 25 years as his clerk, alone would be no evidence of fraud on his part in procuring the execution of the deed, for he was not present when the deed was made. But these facts, when taken in connection with the other fact that he refused to permit the guardian of the children of the deceased intestate and grantor to examine either or all of the accounts, which made up the debt claimed to be secured in the deed, his books and accounts, his vouchers connected with the sale of the trust property, the disbursement of the proceeds, then, the matter became serious, and they constituted evidence from which the jury might have inferred that he had a hand in procuring the deed to be executed, though he was not present at the time it was done.

In his answer, after admitting his conduct, he undertook to justify it by saying that "For a long time prior to said request the plaintiff L. G. Daniels had been publicly charging the defendants with improper con-

duct with reference to said assignment and had been threatening to institute suit against defendants, and that, acting under advice of counsel for the express purpose of compelling the said Daniels to institute the said threatening suit, in order that the matter might be settled by the courts, refused to permit said inspection." This was indeed a lame excuse. If his accounts had been carefully and honestly kept, he should have most willingly submitted them to the inspection of an intelligent man who was interested, and such a course would probably have prevented a law suit instead of provoking one. It may have been that his better judgment suggested that the guardian should have been permitted to examine the books, but that the undue influence of Fowler over him constrained him to deny that right to the plaintiff's guardian.

The judgment of the Court below is affirmed, but the referee, in stating the accounts ordered therein, will not take into his consideration any connection which the defendant Cowell was alleged to have had with any of the matters set out in the complaint. The jury having found that the deed of trust was procured by the fraud and undue influence of Baxter (as well as of C. H. Fowler) and he having admitted that he took into his possession the property conveyed in the deed and sold the same to the defendant C. H. Fowler, the conversion of the property is thereby established, and the plaintiffs are entitled to the accounts prayed for against both Baxter and C. H. Fowler. With the above explanation the judgment is affirmed.

Affirmed.