RIDLEY v. RAILROAD.

PLAINTIFF'S APPEAL.

*Damages—Act of 1895, Chap. 224—Evidence—Tax Valuation.*

(Decided February 28, 1899).

1. Previous to the Act of 1895, chap. 224, in cases of this kind instituted against a railroad, permanent damages, if demanded in either the complaint or answer, might be assessed along with damages to the crops in the past three years. and ascertained in separate issues, and the judgment should embrace both, if that course was adopted.

2. Tax valuation of land placed without the intervention of the owner, is *res inter alios acta* and, upon objection, is incompetent evidence. *Daniels v. Fowler,* 123 N. C., 35.

This is the plaintiff's appeal from the judgment rendered in this cause.

The answer contained the allegation, "For further answer, these defendants say, that the bridge, embankments and abutments, mentioned in the complaint, are permanent in their character; that whatever damage (if any) said bridge, embankments and abutments, caused to the lands of the plaintiff, was permanent in its character;" and the jury so found.

The plaintiff, after being examined as a witness in his own behalf, stated upon his cross-examination that the portion of his land in this State embraced 425 acres, which he estimated

to be worth $3,000. He was then asked what the 425 acres were assessed at for taxes.

The question was objected to by plaintiff. Objection overruled, and plaintiff excepted.

The witness answered, "Five dollars per acre."

The jury assessed the damages to the crops for past three years at $300, and the permanent damage to the land at $500.

The plaintiff claimed a judgment for $800. His Honor rendered a judgment for $500 only.

Plaintiff excepted and appealed, after failing to obtain a *venire de novo.*

*Messrs. Winborne & Lawrence,* and *R. B. Peebles,* for plaintiff (appellant).

*Messrs. MacRae & Day,* for defendant.

CLARK, J. The plaintiff excepted to the submission of an issue as to the permanent damages, they not having been claimed by the complaint. But it was held in the same case when here on a former appeal (118 N. C., 996, at p. 1008,), that either the plaintiff or defendant could have the permanent damages assessed, if demanded in either the complaint or answer. To same purpose is *Parker v. Railroad,* 119 N. C., 677.

The jury found the permanent damages to be $500 and the damages to the crops in the past three years to have been $300. The court rendered judgment for only $500. In this there was error. (See defendant's appeal in this case.) The finding of permanent damages bars all actions for damages to future crops, but not the simultaneous recovery of past damages to the crops (except in actions brought since chapter 224, Acts 1895,), unless by the frame of the issue or the charge it is clear the past damages were considered in the ascertain-

ment of permanent damages.   Here, the submission of separate issues shows that they were not.

The plaintiff objected to evidence as to the valuation of the land upon the tax list.   There have been several decisions that the listing of land was some, though slight, evidence of claim of title and of the character of possession by the party listing the same.   *Austin v. King,* 97 N. C., 339; *Pasley v. Richardson,* 119 N. C., 449; *Barnhardt v. Brown,* 122 N. C., 587; 1 Greenleaf Ev., section 493.

Acquiescence in listing and payment of taxes by another is evidence against the party out of possession.   But the tax valuation, being placed on the land by the tax assessors, without the intervention of the land owner, no inference that it is a correct valuation can be drawn from his failure to except that the valuation is too low.   Such valuation was *res inter alios acta,* and is not competent against the plaintiff in this action.   *Daniels v. Fowler,* 123 N. C., 35; *Flint v. Flint,* 6 Allen (Mass), 34; *Kanarson v. Henry,* 101 Mass., 152.

On the issue as to permanent damages let there be a new trial.

New trial.