## STATE v. MORGAN.

(Filed October 25, 1904).

1. ARSON—*Intent—The Code, sec. 985, subsec. 6, 1761—Acts 1885, ch. 66.*

    In a prosecution for burning a barn the state must prove a criminal intent.

2. INSTRUCTIONS—*Arson—The Code, sec. 413.*

    An error in giving an erroneous instruction is not cured by subsequently correctly stating the law.

INDICTMENT against Elizabeth Morgan and Samuel Ford, heard by *Judge R. B. Peebles* and a jury, at August Term, 1904, of the Superior Court of UNION County. From a verdict of guilty and judgment thereon the defendants appealed.

*Robert D. Gilmer, Attorney-General,* and *Adams, Jerome & Armfield,* for the State.
*Redwine & Slack,* for the defendants.

WALKER, J. The defendants were indicted for burning a barn or granary, the property of Henry Dry. There were two counts in the bill. In the first it was alleged that Samuel N. Ford willfully, wantonly and feloniously set fire to the barn, and in the second that Elizabeth Morgan and her husband, John E. Morgan, unlawfully, willfully, wantonly and feloniously incited and procured him to do it. The indict-

ment was drawn under section 985 (6) of The Code, which requires the act to be done "willfully and wantonly," and makes it a felony.

The State introduced evidence which tended to show that Ford had set fire to the barn and that the other persons named in the bill procured him to do so, and there was evidence for the defendant tending to show the contrary. John E. Morgan died before the trial.

Numerous exceptions to the admission and rejection of testimony were noted by the defendants, but as there is an exception taken to the charge of the Court to the jury which we must sustain, it is deemed unnecessary to consider the other questions raised, as they may not be again presented.

The State alleged, and it was one of its principal contentions, that John E. Morgan and his wife and the other defendant, Samuel N. Ford, had formed a conspiracy to burn the barn because John E. Morgan was mad with one Henry Dry, and as one of Morgan's tenants had left him and gone to live with Dry he wanted to have his revenge. This was assigned by the State as the motive for the burning, and in referring to the question of motive the Court charged the jury as follows: "While it is permissible to show motive as a circumstance to be considered by the jury upon the question of guilt, it is not necessary, as contended by counsel for the defendants, that the State should show a motive. All the State has to do is to satisfy the jury beyond a reasonable doubt that the defendants did the acts charged in the bill of indictment." To the last part of this instruction the defendants in apt time excepted.

It must be conceded that it is not always necessary to show either a motive or an intent, for in some offenses the intent to do the forbidden act is the criminal intent, and the act committed with that intent constitutes the crime. If the person has done the act which in itself is a violation of the law, he

will not be heard to say that he did not have the intent. *State v. King,* 86 N. C., 603; *State v. Voight,* 90 N. C., 741; *State v. Smith,* 93 N. C., 516; *State v. McBrayer,* 98 N. C., 619; *State v. McLean,* 121 N. C., 589, 42 L. R. A., 721. But this principle does not apply when the act is itself equivocal and becomes criminal only by reason of the intent. *State v. King* and cases *supra.* In the latter case, if the act may be innocent or not according to the intent with which it is done, or if its criminality depends upon the intent, it is incumbent on the State to show the intent or to show the facts and circumstances from which the intent may be inferred by the jury, and it is necessary that the jury should find the intent as a fact before the defendant charged with the commission of the act can be adjudged guilty of a crime. *State v. McDonald,* 133 N. C., 680.

The principle just stated, which is fully sustained by the authorities, has been applied by this Court to cases where the act is forbidden and denounced as criminal if "willfully" or "wantonly" done. In *State v. Whitener,* 93 N. C., 590, the defendant was indicted for "willfully and unlawfully injuring and damaging a house" by removing a window sash, under section 1761 of The Code. The Court charged the jury substantially, as did the Judge in our case, that if the defendant committed the act—that is, removed the sash—he was guilty and they should so find. This was held to be error, the Court, through *Ashe, J.,* saying: "The facts as found and admitted clearly bring the act of the defendant within the words of the statute, but they do not bring him within its meaning and spirit. The indictment, following the statute, charges that the act of removing the sash was unlawful and willful. Conceding it to have been unlawful, it does not follow that it was willful. The word "willful," used in a statute creating a criminal offense, means something more than an intention to do a thing. It implies the doing the act pur-

posely and deliberately, indicating a purpose to do it without authority—careless whether he has the right or not—in violation of law, and it is this which makes the criminal intent, without which one cannot be brought within the meaning of a criminal statute." *State v. Howell,* 107 N. C., 835.

It will be seen that in *State v. Whitener,* the Court takes a case like ours, or one where by the very terms of the statute an act must be done willfully and wantonly, out of the principle that when an act is forbidden, the intentional doing of the act constitutes the criminal intent and places it in that class of cases in which the intent is a necessary ingredient of the crime and must be found by the jury. It makes no difference how clearly the intent may appear from the circumstances, the ultimate fact of the intent must be found; and in order to do so the jury are required to pass upon those circumstances.

In this case the Court simply told the jury that, if they found the defendants committed the acts alleged in the indictment—that is, if the defendant Ford set fire to the barn and the other defendant procured him to do it—they were guilty, as that was all the State was required to prove. This certainly did not inform the jury that it was necessary that the act should have been willful and wanton, and was not any more explicit than was the charge in Whitener's case, which was adjudged to be erroneous. When the Court undertook to tell the jury what was necessary to warrant a conviction, it should have given all of the ingredients of the alleged offense and instructed them as to all the facts necessary to be found by them before they could convict. *State v. Austin,* 79 N. C., 624. We think the fact that this instruction was given with the one in regard to "motive" was also calculated to mislead the jury and to impress them with the idea that proof of the commission of the bare act of setting fire to the barn was all-sufficient to convict. We do not think that the

error of the Court was cured by the instruction in a former part of the charge to the effect that the State must satisfy the jury beyond a reasonable doubt that Ford set fire to and burned the barn as charged in the bill, and that if they found him guilty and were satisfied beyond a reasonable doubt that the defendant Elizabeth Morgan counseled and procured him to burn the barn, then they should convict her. We doubt very much if those instructions were in themselves sufficient to present the question of intent properly to the jury. *State v. Edmund,* 15 N. C., 340. But in connection with those instructions the Court charged the jury that if they found Samuel Ford burned the barn and granary, they should convict him, and that the guilt of Mrs. Morgan hinged on that of Ford. Even if the former instructions stood by themselves we might perhaps question their correctness, as they do not seem to be a compliance with the requirement of the law. The Code, sec. 413. But, assuming them to be correct, they do not cure the error committed in the instruction subsequently given and to which exception was taken. The jury are not supposed to know which instruction is the correct one, the first or the last, and we must presume that they acted upon the erroneous instruction, as we cannot know certainly that they did not. *Edwards v. Railroad,* 132 N. C., 99; *Williams v. Haid,* 118 N. C., 481; *Tillett v. Railroad,* 115 N. C., 662; *State v. Barrett,* 132 N. C., 1005; *State v. Daniel,* at this term, 136 N. C., 571. If the jury, under the instruction of the Court, had merely found in a special verdict that the defendants committed the acts alleged in the bill of indictment, without finding as a fact that the commission of them was willful and wanton, the verdict would have been defective and judgment could not have been pronounced thereon. *State v. Blue,* 84 N. C., 807; *State v. Whitener, supra.* If such a special verdict would have been defective,

the charge of the Court must have been erroneous, as it embraces no more findings of fact than such a special verdict.

Our conclusion is that there was error in the charge, and it must be so certified, to the end that a new trial may be awarded to the defendants.

New Trial.