SADIE B. HAMILTON v. SEABOARD AIR LINE RAILWAY
COMPANY.

(Filed 24 February, 1909.)

**1. Damages—Timber—Tax Lists—Evidence.**

The tax list, showing the assessed value of land for taxation,
is not competent evidence in an action for· damages for burning
the timber. The revenue laws in this State make it the duty
of the assessors to place a valuation on land, the owner not being
required or permitted to do so.

**2. Damages—Value—Opinion of Witnesses—Instructions.**

When there is conflicting evidence as to the amount of dam-
ages caused to land by defendant's negligence, in an action in-
volving that question, there is no error in an instruction that
the jury should not be controlled in their verdict by the opinion
of the witnesses, but that they should apply their own knowledge
and common sense in the light of their experience, consider the
evidence fully and determine the amount of the damages.

ACTION tried before *Cooke, J.*, and a jury, at Fall Term, 1908,
of HALIFAX.

Plaintiff sues to recover damages for burning wood on her
land by the negligence of defendant's employees. The cause of
action was not denied.· The exceptions upon which .defendant
relies relate to the amount of damages sustained by plaintiff.
There was a verdict for $450. Judgment; appeal.

*George C. Green* for plaintiff.
*Murray Allen* and *R. C. Dunn* for defendant.

CONNOR, J. For the purpose of showing the extent of her
damage, plaintiff introduced Guilford Gee, who testified that
he was her agent; that the land was damaged $8 per acre by
the fire. He further testified that he, as agent for plaintiff,
listed the land for taxation. Defendant proposed to ask witness
at what valuation the land was listed for the year 1907, the
fire having burned the wood during the month of December
of that year. Plaintiff objected. The objection was sustained,
and defendant excepted. The same question was asked witness
as to 1908 and excluded. Defendant offered to show by other

witnesses the value at which the land was assessed for taxation and to introduce the tax lists, all of which was excluded. Defendant excepted.

Under our revenue law the owner of land does not, in listing it for taxation, fix any value upon it. This is done by the assessors, "either from actual view or from the best information that they can practically obtain, according to its true valuation in money." Revisal, sec. 5203. We cannot see, therefore, how the fact that the witness "listed" the land for taxation has any tendency to show its value or his opinion in that respect. The valuation is, as said by the Court in *Ridley v. Railroad,* 124 N. C., 37, *res inter alios acta. Railroad v. Land Co.,* 137 N. C., 330. We are content to rest our decision upon what is said in these cases. The objection is not that tax lists are not public records, but in the valuation of the land for taxation the owner is not consulted—he takes no part. The valuation is but the opinion, upon oath, it is true, of these assessors, for the purpose of taxation. It is well understood that it is the custom of the assessors to fix a uniform rather than an actual valuation. In any aspect of the question, we concur with his Honor's ruling, both upon authority and the reason of the thing.

Exception is taken to his Honor's saying to the jury: "The opinion of witnesses is not controlling on you. You are to apply your own knowledge and common sense, so far as affected by your experience." The estimates placed by the witnesses varied from $30 to $800. How was the jury to arrive at a verdict in this condition of the evidence—that is, weigh and value the opinions of the witnesses—except by using their common sense and experience? It is because of the capacity of men of experience, intelligence and common sense to weigh testimony and properly value it that they are called upon the jury. It is this which gives to this "ancient mode of trial" its value in the decision of issues of fact. His Honor, however, proceeded to say to them: "You are to consider all of the evidence fully, and determine *from it* how much damage plaintiff has sustained by reason of these fires; that is the question for you." The charge is in strict accord with principle and the practice in our courts. The exception is without merit. We find no error, and the judgment must be

Affirmed.