## STATE v. ALLEN MOSES.

(Filed 10 October, 1934.)

1. **Arson C c—Evidence held sufficient to be submitted to jury in this prosecution for arson.**

   Evidence that fire in defendant's house started in a closet in which was hanging a quilt soaked in kerosene, that kindling wood was on the floor of the closet, that the closet had no ceiling, but opened at the top into the attic where were found several articles of clothing smelling of kerosene, and a bucket containing kerosene and a bucket containing paper, rags, and cloth smelling of kerosene, that defendant did not phone the fire department from the house, but first gave the alarm to his children, and that one of them summoned the fire department through the city alarm system, and that defendant was being pressed to pay installments on the mortgage on the house, and was threatened with foreclosure, with other incriminating circumstantial evidence, establishes motive and an opportunity for the defendant to commit the crime, and that the fire was of incendiary origin, and *is held* sufficient to be submitted to the jury in a prosecution under C. S., 4245.

2. **Criminal Law I j—**

   Upon defendant's motion as of nonsuit only the incriminating evidence need be considered. C. S., 4643.

3. **Criminal Law G n—**

   An accumulation of independent incriminating circumstances may be sufficient when taken together to warrant the submission of the case to the jury, although each single circumstance, when standing alone, is insufficient.

APPEAL by defendant from *Parker, J.,* at May Term, 1934, of WAYNE. No error.

*Langston, Allen & Taylor* for appellant.
*Attorney-General Brummitt and Assistant Attorney-General Seawell* for the State.

SCHENCK, J.   The bill of indictment charges that the defendant "did unlawfully, wilfully, wantonly and feloniously, being the occupant of a building used as a. dwelling-house, for a fraudulent purpose, set fire to, burn, caused to be burned, aid, procure the burning of the aforesaid building," in breach of C. S., 4245.

The assignments of error present the single question as to whether his Honor erred in overruling the motion of the defendant to dismiss the action and for judgment of nonsuit, properly made and renewed under C. S., 4643.

The State's evidence tends to show:

That about 5:30 o'clock on the evening of 28 January, 1934, the dwelling-house owned and occupied by the defendant was partially burned, that when the city firemen arrived at the house in response to an alarm given over the city system, they found the fire burning in a closet in which was a step-ladder six or eight feet high, on which a quilt was hanging, which quilt was soaked with kerosene, and on the floor of the closet kindling wood; that the closet had no ceiling and opened at the top into the attic; and that in the attic was a pair of overalls, a jumper, and part of a quilt, all of which smelled of kerosene, and also a bucket containing kerosene and a charred keg contained paper, rags, and cloth which had the odor of kerosene.

That the defendant first gave the alarm of fire to his two children, a daughter and son, who were the only other members of his family in the house at the time, and that the son ran to a nearby fire alarm box and summoned the fire department, which responded immediately and came to the house and extinguished the fire; and that later the defendant stated he did not use the telephone in the house to give the alarm because he did not think of it; that the defendant some several days after the fire made the remark to an investigating officer of the State "that it would have been a God's blessing to him if it had burned up."

That the defendant at the time of the fire had $5,500 fire insurance on the building and furniture; that he owed a balance of $1,500 due on a mortgage on the house, and had been urged to catch up with the payments due thereon, and warned that he would have to vacate the house unless the payments were made.

The defendant testified himself and offered other evidence in his own behalf to the effect that he was innocent of the crime charged, and knew nothing of how the kerosene got into the house, or of the origin of the fire; and, to the further effect that the chimney, which was contiguous

to the closet where the fire was found, had holes in it between the brick where the mortar was faulty, through which sparks could have come and set fire to the closet.

We think the State's evidence, when given a liberal and reasonable construction, was legally sufficient to sustain a conviction, and that therefore the court should not have withdrawn it from the jury. The defendant's brief, in support of his motion to dismiss the action, seems to be based somewhat upon the conception that the evidence taken as a whole did not warrant a conviction, but in passing upon this motion we need consider only such evidence as was favorable to the State, without regard to that upon which the defendant relied. *S. v. Martin,* 182 N. C., 846.

The State's evidence in this case is sufficient to establish a motive and an opportunity for the defendant to commit the crime, that the fire was of an incendiary origin, and many other damaging circumstances tending to show defendant's guilt. However, it is not the fact of motive, or of opportunity, or of incendiary origin of fire, or of any other single circumstance taken by itself, but it was all of these circumstances, considered as a whole and in their relation to each other, that made it incumbent upon the court to submit this case to the jury. These related circumstances likewise warranted the jury in deciding the issue against the defendant. *S. v. Clark,* 173 N. C., 739.

When each circumstance going to make up the evidence relied upon depends upon the truth of the preceding circumstance, circumstantial evidence may be likened unto a chain, which is no stronger than its weakest link; but, as in this case, when there is an accumulation of circumstances which do not depend upon each other, circumstantial evidence is more aptly likened to the bundle of twigs in the fable, or to several strands twisted into a rope, becoming, when united, of much strength. *S. v. Shines,* 125 N. C., 730.

No error.