STATE OF NORTH CAROLINA v. SHARON JOHNSTON BRACKETT

No. 8126SC486

(Filed 19 January 1982)

1. Criminal Law § 91— speedy trial—continuance by State

The trial court did not err in continuing defendant's case for one month and in excluding that period for speedy trial purposes under G.S. 15A-701(a1) (b)(7) where (1) defendant's case and two other cases were set for trial one week apart in the same courtroom, (2) the same assistant district attorney was to handle defendant's and one other case, (3) defendant's case would involve a protracted trial, and (4) the defendant was not in custody while the defendants in the other cases were in jail.

2. Arson and Other Burnings § 3; Constitutional Law § 30— discovery—reports of fire investigators

In a prosecution where defendant was charged with willfully and wantonly setting fire to and burning her own dwelling house, the trial court did not abuse its discretion under G.S. 15A-910(4) by allowing two fire investigators to testify when one investigator's report was furnished defendant approximately one month prior to trial and the other investigator's report was not furnished until the time of trial. The record was not clear as to the purposes for which the two reports were prepared, and if the statements were made for the prosecutor in preparation for the case, they were not discoverable under G.S. 15A-903(d), and G.S. 15A-903(e) had no application to the case as contended by defendant.

3. Arson and Other Burnings § 3— testimony of fire insurance—admissible to show motive

In a prosecution concerning the burning of defendant's own dwelling house, testimony of the fire insurance that was on the house was admissible to show motive on the part of defendant.

4. Criminal Law § 88.2— cross-examination—use of prior recording

The trial court did not err in failing to allow the defendant to play a recording of a witness's prior testimony while the witness was being cross-examined.

5. Arson and Other Burnings § 3; Criminal Law § 50— qualification of expert in origin of fire

The evidence was sufficient to qualify two fire investigators as experts in the origin and cause of fires where each witness testified that he had several years experience investigating fires and had attended several schools as to the origin of fires.

6. Arson and Other Burnings § 3; Criminal Law §§ 50.1, 51— experts in origin of fires—testimony of cause—expert in electricity unnecessary

The trial court did not err in allowing two witnesses who were qualified as experts in the cause and origin of fires to testify that in their opinions the

State v. Brackett

fire in question was not caused by electricity, and it was not necessary for either witness to be an expert in electricity to form an opinion.

**7. Arson and Other Burnings § 3; Criminal Law § 50.1— expert testimony concerning burn pattern on rug**

It was not error to allow two experts in the cause and origin of fires to testify that each had observed a burn pattern on a rug and in each expert's opinion it had been caused by gasoline on the rug.

**8. Criminal Law § 50.1— unlawful burning—testimony as to appraised value of property**

The trial court did not err in allowing an employee of the Mecklenburg County Tax Supervisor's Office to testify in a case involving an unlawful burning that he appraised the property that burned in 1974 and in his opinion the building on the property was worth $4,520. The fact that it had been several years prior to the trial that he made the appraisal would go to the weight of his opinion.

**9. Criminal Law § 164— motion to dismiss—presentation of evidence after denial**

Where the defendant put on evidence after the denial of his motion to dismiss at the close of the State's evidence, he waived his right to except on appeal. G.S. 15-173.

**10. Arson and Other Burnings § 3— testimony of witness's bad character—not relevant to prove motive**

In an action concerning an unlawful burning, the trial court did not err in excluding testimony that a neighbor had made threats to defendant and her family and had fired a gun at her property. The testimony was elicited to prove the witness also had a motive and opportunity to commit the offense, and such evidence is not relevant to prove he did so rather than the defendant.

**11. Arson and Other Burnings § 3— evidence of attitude toward house—exclusion not prejudicial**

In a prosecution for willfully and wantonly setting fire and burning her own dwelling house, the defendant, by her own testimony and by the testimony of other witnesses, offered sufficient evidence of her attitude toward her house and her neighbors and the status of her marriage that she was not prejudiced by the exclusion of testimony by her that she liked her home, children and neighborhood.

**12. Arson and Other Burnings § 3— testimony concerning cost of repair to building—exclusion not prejudicial**

In a prosecution for the burning of her own dwelling house, defendant was not prejudiced by the exclusion of testimony by her husband concerning cost of repairs to the home as he had already testified without objection that in his opinion the building was worth $35,000.

**13. Arson and Other Burnings § 3— evidence of neighborhood fires—exclusion proper**

In a prosecution for unlawful burning of a dwelling house, the court did not err in excluding evidence that there had been other fires recently in the neighborhood.

**14. Criminal Law § 89.3— prior written statement—corroboration of testimony**

The trial court did not err in admitting a prior written statement given to an officer by a witness for the State as the statement was introduced in corroboration of the witness's testimony.

**15. Criminal Law § 87.1— failure to declare witness hostile**

The trial court did not abuse its discretion by refusing to hold a State's witness as hostile where there was no indication from the witness's testimony that he was hostile to the defendant.

**16. Arson and Other Burnings § 4.1— unlawful burning of own dwelling house—sufficiency of evidence**

The evidence was sufficient to be submitted to the jury on the charge of willfully and wantonly setting fire to and burning her own dwelling house where the evidence tended to show that the defendant left her house, got in an automobile, drove "fast up the street," shortly thereafter the house was observed as burning, there was testimony that the fire started by gasoline being ignited inside the house, and there was evidence that the defendant and her clothes had been burned.

**17. Arson and Other Burnings § 5— unlawful burning—motive—instructions**

In a prosecution for willfully and wantonly setting fire to and burning a dwelling house, the trial court did not err in instructing the jury that it was not necessary to prove motive in order to prove a willful and wanton burning but that motive or lack of motive is a circumstance to be considered.

**18. Arson and Other Burnings § 5— unlawful burning—instruction on willful and wanton**

In a prosecution for willfully and wantonly setting fire to and burning a dwelling house, the trial court did not err in instructing the jury that in order to convict the defendant they would have to be satisfied beyond a reasonable doubt that she burned the house willfully and wantonly "that is, intentionally and without justification or excuse, without regard for the consequences or the rights of others."

Judge WELLS dissenting.

APPEAL by defendant from *Sitton, Judge*. Judgment entered 30 October 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 October 1981.

The defendant appeals from a conviction of willfully and wantonly setting fire to and burning her own dwelling house.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Paul L. Pawlowski for defendant appellant.*

WEBB, Judge.

**[1]** The defendant has brought forward and argues 24 assignments of error. In her first assignment of error, the defendant challenges the overruling of her motion to dismiss because she was not tried within 120 days of the day on which she was indicted. G.S. 15A-701(a1) provides in part:

> (a1) . . . the trial of a defendant charged with a criminal offense who is . . . indicted, on or after October 1, 1978, and before October 1, 1983, shall begin within the time limits specified below:
>
>> (1) Within 120 days from the date the defendant is . . . indicted . . .
>
> *        *        *
>
> (b) The following periods shall be excluded in computing the time within which the trial of a criminal offense must begin:
>
> *        *        *
>
>> (7) Any period of delay resulting from a continuance granted by any judge if the judge granting the continuance finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial and sets forth in writing in the record of the case the reasons for so finding.

The defendant was indicted on 9 June 1980. On 18 September 1980 the State made a written motion to have the case continued until 8 October 1980 and to exclude this period of time pursuant to G.S. 15A-701(a1)(b)(7). The State showed in support of this motion that the court had peremptorily set two cases for trial, one to commence on 29 September 1980 and one on 6 October 1980, that the same assistant district attorney who was to handle the instant case was to handle the case set for 29 September 1980, and

the case set for 6 October 1980 was scheduled for trial in the same courtroom as the instant case. The State further showed that the instant case would involve a protracted trial, there being the testimony of three expert witnesses and approximately five other persons. The court found that the defendant was not in custody while the defendants in the two cases which had been peremptorily set were in jail, and that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendant in a speedy trial. The court ordered the case continued from 29 September 1980 until 27 October 1980 and excluded that period of time in computing the time in which the defendant's trial must begin.

We hold the court's findings of fact were supported by the evidence and there was no error in excluding the time between 29 September 1980 and 27 October 1980 from the time in which defendant's trial was required to begin. The defendant's first assignment of error is overruled.

[2] In her second assignment of error the defendant argues the court should have excluded the findings of two fire investigators who testified for the State. Burt Christopher, III was employed by the Charlotte Fire Department as a fire investigator. Allen Lee Blackwelder was employed by a private company that investigated fires for insurance companies. Mr. Christopher and Mr. Blackwelder investigated the fire in the instant case. On 6 June 1980 the defendant made a request for voluntary discovery. The State did not furnish the written report of either investigator to the defendant pursuant to the request for voluntary discovery. On 25 September 1980 the defendant made a motion for the production of these documents. Approximately one month prior to the trial of the case, Judge C. E. Johnson ordered the State to furnish a copy of Mr. Christopher's report to the defendant but refused to require the State to furnish the defendant with a copy of Mr. Blackwelder's report. The State furnished the defendant with a copy of Mr. Blackwelder's report during the trial. The defendant argues that it was error requiring a new trial for the State not to furnish her with the Christopher report until approximately one month prior to the trial and not to furnish the Blackwelder report until the time of trial.

The defendant contends she was entitled to have the reports pursuant to G.S. 15A-903(d) and (e) which provide:

(d) Documents and Tangible Objects.—Upon motion of the defendant, the court must order the solicitor to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, motion pictures, mechanical or electronic recordings, tangible objects, or copies or portions thereof which are within the possession, custody, or control of the State and which are material to the preparation of his defense, are intended for use by the State as evidence at the trial, or were obtained from or belong to the defendant.

(e) Reports of Examinations and Tests.—Upon motion of a defendant, the court must order the prosecutor to provide a copy of or to permit the defendant to inspect and copy or photograph results or reports of physical or mental examinations or of tests, measurements or experiments made in connection with the case, or copies thereof, within the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecutor. In addition, upon motion of a defendant, the court must order the prosecutor to permit the defendant to inspect, examine, and test, subject to appropriate safeguards, any physical evidence, or a sample of it, available to the prosecutor if the State intends to offer the evidence, or tests or experiments made in connection with the evidence, as an exhibit or evidence in the case.

G.S. 15A-904(a) provides:

(a) Except as provided in G.S. 15A-903(a), (b), (c) and (e), this Article does not require the production of reports, memoranda, or other internal documents made by the prosecutor, law-enforcement officers, or other persons acting on behalf of the State in connection with the investigation or prosecution of the case, or of statements made by witnesses or prospective witnesses of the State to anyone acting on behalf of the State.

G.S. 15A-903(e) has no application to this case. It deals with reports of tests, examinations, or experiments and with physical evidence which the State intends to offer into evidence. No such evidence was offered by Mr. Christopher or Mr. Blackwelder. In her brief the defendant contends Mr. Christopher's report was

made in conjunction with the police and prosecution. If the statements were made for the prosecutor in preparation for the case they were not discoverable under G.S. 15A-903(d). *See State v. Jackson*, 302 N.C. 101, 273 S.E. 2d 666 (1981) and *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977). The record is not clear as to the purposes for which the two reports were prepared. We hold the court did not abuse its discretion under G.S. 15A-910(4) in allowing the defendant to have the Blackwelder report at the trial and allowing both witnesses to testify.

[3] The defendant argues in her third assignment of error that the court erred in allowing testimony of the fire insurance that was on the house. Although the defendant was not tried for fraudulently burning the house, we hold this evidence was admissible to show motive on the part of the defendant. If evidence is relevant to prove the commission of a crime it is not made incompetent because it proves the commission of another crime so long as its only relevancy is not to prove the character of the defendant or her disposition to commit the crime with which she was charged. *See* 1 Stansbury's N.C. Evidence § 91 (Brandis rev. 1973). The defendant also contends the court erred by not giving a limiting instruction at the time the testimony was elicited. No request for a limiting instruction was made. The defendant's third assignment of error is overruled.

[4] The defendant next assigns error to a ruling of the court during the cross-examination of a witness. The witness had previously testified at a probable cause hearing and his testimony had been recorded. The court would not allow the defendant to play this recording while the witness was on the witness stand. We find no error in this. We believe the court was correct in limiting counsel to questions to the witness while the witness was being cross-examined. The defendant did not offer this recording to impeach the witness when the defendant was putting on her evidence. This assignment of error is overruled.

[5] In her fifth assignment of error the defendant contends there was insufficient evidence to qualify either Mr. Christopher or Mr. Blackwelder as an expert in the cause and origin of fires. An expert witness is a person who is better qualified than the jury to form an opinion from facts in evidence. *See* 1 Stansbury's N.C. Evidence § 132 (Brandis rev. 1973). In the instant case each

State v. Brackett

witness testified that he had several years' experience investigating fires and had attended several schools as to the origin of fires. We believe this was evidence from which the court could conclude each of the two witnesses was better able than the jury to form an opinion as to the cause of the fire. The defendant's fifth assignment of error is overruled.

[6] In her sixth assignment of error the defendant contends the two expert witnesses should not have been allowed to testify that in their opinions the fire was not caused by electricity. She argues that neither witness had been qualified as an expert in electricity. It was not necessary for either witness to be an expert in electricity to form an opinion that the fire was not electrically caused. This assignment of error is overruled.

[7] In her seventh assignment of error the defendant contends that it was error to allow each expert to testify that he had observed a burn pattern on the rug and in his opinion it had been caused by gasoline on the rug. We believe that the training and experience of each witness qualified him to testify as to his opinion on this subject. The defendant's seventh assignment of error is overruled.

In her eighth assignment of error the defendant challenges the two experts being allowed to give their opinions as to the origin of the fire. This assignment of error is overruled.

[8] In her ninth assignment of error the defendant challenges the testimony of an employee of the Mecklenburg County Tax Supervisor's office who testified that he appraised the property in 1974 and in his opinion the building on the property was worth $4,520.00. The evidence showed the witness was familiar with the property upon which he put a value and had such knowledge and experience as to enable him to intelligently put a value on it. He did not have to qualify as an expert. *See* 1 Stansbury's N.C. Evidence § 128 (Brandis rev. 1973). The defendant relies on *Manufacturing Company v. R.R.*, 222 N.C. 330, 23 S.E. 2d 32 (1942); *Hamilton v. R.R.*, 150 N.C. 193, 63 S.E. 730 (1909); and *Ridley v. R.R.*, 124 N.C. 37, 32 S.E. 379 (1899). We believe these cases are distinguishable from the instant case. In each of those cases it was the tax listing which was offered in evidence. In this case the person who did the appraisal testified and was subject to cross-examination. The fact that it had been several years

prior to the trial that he made the appraisal would go to its weight.

[9]  The defendant next assigns error to the failure of the court to dismiss at the close of the State's evidence. The defendant put on evidence and thus waived the exception brought forward by this assignment of error. *See* G.S. 15-173.

[10]  In her eleventh assignment of error the defendant argues the court erred in its evidentiary rulings. When the defendant was testifying, the court excluded testimony by her that a neighbor, Robert G. Massey, had made threats to her and her family and had fired a gun at her property. Testimony of her husband as to threats by Mr. Massey to their family was also excluded. Mr. Massey was called as a witness by the defendant and the court sustained objections to testimony of Mr. Massey that he had been convicted of communicating threats to the defendant and her family. The defendant then called a witness who would have testified as to Robert Massey's bad character and reputation. The court excluded this testimony. The defendant contends it was error to exclude this testimony. She argues, relying on *State v. Britt*, 42 N.C. App. 637, 257 S.E. 2d 468 (1979), that this testimony should have been allowed to prove someone else burned her dwelling. We believe this evidence was properly excluded. Evidence that someone else had a motive and opportunity to commit the offense is not relevant to prove he did so rather than the defendant. *See State v. Jenkins*, 292 N.C. 179, 232 S.E. 2d 648 (1977). The defendant's eleventh assignment of error is overruled.

[11]  In her twelfth assignment of error the defendant argues it was error to exclude testimony by her that she liked her home, children, and neighborhood; by her husband that he and his wife had a loving marriage, that his wife had a good relationship with their neighbors, that his wife had no intention of leaving their house; and by her brother as to whether the defendant and her husband had a good marriage. She argues that this evidence should have been admitted to show her feeling for her home and to rebut the State's evidence that she had a motive for burning the house. We hold that the defendant, by her own testimony and by the testimony of other witnesses, offered sufficient evidence of her attitude toward her house and her neighbors and the status of her marriage so that she was not prejudiced by the exclusion

of this testimony. The defendant's twelfth assignment of error is overruled.

[12]  In her thirteenth assignment of error the defendant argues that the court should not have excluded testimony by her husband as to the cost of repairs to the building. She contends this testimony should have been allowed to corroborate his testimony that in his opinion the building was worth $35,000.00. The defendant's husband testified without objection that in his opinion the building was worth $35,000.00. We hold that exclusion of evidence in corroboration of uncontradicted testimony was harmless. *See* G.S. 15A-1443.

[13]  In her fourteenth assignment of error the defendant contends the court erred in excluding evidence that there had been other fires recently in the neighborhood. We hold evidence of other fires was too conjectural to have probative value in the instant case.

[14]  In her fifteenth assignment of error the defendant argues the court should have excluded a prior written statement given to an officer by George Wheeler, Jr., a witness for the State. This written statement was introduced in corroboration of Mr. Wheeler's testimony. The written statement was consistent with his testimony and we hold there was no error in its being received in evidence.

[15]  In her sixteenth assignment of error the defendant contends it was error for the court not to declare Robert S. Massey a hostile witness. The defendant called Mr. Massey as a witness. He testified that he lived across the street from the defendant's house and as to his relationship with George Wheeler, Jr. A question was then asked him as to crimes of which he had been convicted, to which an objection was sustained. At that point the defendant's attorney requested that Mr. Massey be declared a hostile witness. There was no indication from Mr. Massey's testimony that he was hostile to the defendant, and we hold the court did not abuse its discretion by refusing to hold he was a hostile witness.

[16]  In her seventeenth assignment of error the defendant argues that it was error not to dismiss the case at the conclusion of all the evidence. She contends that there was not sufficient

evidence that she burned the house to be submitted to the jury and there was no evidence that she burned it willfully and wantonly. Mr. George Wheeler, Jr. testified for the State that he lived across the street from the defendant and was in his front yard on 6 May 1980. On that day he saw the defendant come from the house, get in her automobile, and "drive fast up the street." A short while later a neighbor told him the house was burning, and he called the fire department. There was testimony that the fire was started by gasoline being ignited inside the house. There was also evidence that the defendant and her clothes had been burned. We believe this is evidence from which the jury could conclude the defendant set the fire. *See State v. Moses*, 207 N.C. 139, 176 S.E. 267 (1934). This is also evidence from which the jury could conclude the defendant acted willfully and wantonly. The defendant acted willfully if she set fire to the building purposely and deliberately. *See State v. Morgan*, 136 N.C. 628, 48 S.E. 670 (1904). The evidence allows the conclusion that she acted purposely and deliberately. The act was done wantonly if it was done needlessly, manifesting a reckless indifference to the rights of others. *See Brewer v. Harris*, 279 N.C. 288, 182 S.E. 2d 345 (1971). The jury could have concluded that the burning of the building was needless and in reckless indifference of the right of the public not to have the building burned. The defendant's seventeenth assignment of error is overruled.

[17] In her eighteenth assignment of error the defendant contends the court erred in the charge by instructing the jury that it was not necessary to prove motive in order to prove a willful and wanton burning but motive or lack of motive is a circumstance to be considered. We believe this is a correct statement. The defendant contends it was error because the court did not apply the law to the evidence in this portion of the charge. The court charged the jury as to the insurance coverage on the house. We believe from this the jury could apply the law as it related to motive.

In her nineteenth assignment of error the defendant contends the court committed error in recapitulating the State's evidence. The court charged the jury that there was a burn pattern on the rug leading to the front door while the evidence showed the burn pattern stopped two feet from the door. The court also stated that the State's evidence showed the defendant was the last one to leave the house. The State's witness said he

saw the defendant coming from the house and a short while later he saw the house afire. We believe the court fairly recapitulated the State's evidence.

In her twentieth assignment of error the defendant contends the court, in recapitulating the evidence, should not have told the jury there was evidence that the house was insured for $35,000.00. We have held that this evidence was properly admitted and it was not error for the court to recapitulate this part of the evidence.

In her twenty-first assignment of error the defendant contends the court did not fairly summarize all her evidence. We hold the court fairly summarized the defendant's evidence. This assignment of error is overruled.

[18] In her twenty-second assignment of error the defendant challenges the court's instruction to the jury as to the definition of willfulness and wantoness. The court instructed the jury that in order to convict the defendant they would have to be satisfied beyond a reasonable doubt that she burned the house willfully and wantonly "that is, intentionally and without justification or excuse, without regard for the consequences or the rights of others." The defendant requested a charge on this feature of the case as follows:

> "AND THIRD, that she did this wantonly and willfully, that is intentionally and without justification and authority, and needlessly manifesting a reckless indifference to the rights and safety of others."

We hold this portion of the court's charge is correct and in substantial compliance with the request by the defendant. The defendant's twenty-second assignment of error is overruled.

In her twenty-third assignment of error the defendant challenges the charge as regards the testimony of the expert witnesses. The defendant requested the court to instruct the jury that the testimony of the expert witnesses should not be given any greater weight than any other witness. We do not believe it was necessary for the court to charge as requested on this feature of the case. The court charged as to how the jury would consider the testimony of each witness without differentiating

---

---

between the experts and the other witnesses. In this we find no error.

In her twenty-fourth assignment of error the defendant contends the court erred by not charging, as requested by the defendant, as to how to consider the evidence that George Wheeler, Jr. had been "convicted of fighting and public drunk." There was no showing that Mr. Wheeler had any interest in the case or animosity toward the defendant. We hold the defendant was not prejudiced by the court's failure to give this requested instruction. The defendant's twenty-fourth assignment of error is overruled.

No error.

Judge MARTIN (Robert M.) concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The indictment did not charge, in the alternative, a fraudulent purpose. See G.S. 14-65. I believe the admission of the State's evidence, over defendant's objection, as to insurance on the dwelling and its contents, was prejudicial error which requires a new trial.