STATE OF NORTH CAROLINA v. JOHN HAYWOOD STUCKEY

No. 8223SC268

(Filed 2 November 1982)

**Criminal Law § 88.2— impeachment—refusal to admit recording of preliminary hearing**

Even if the testimony of two witnesses at the preliminary hearing and at trial was inconsistent, the trial court did not err in refusing to permit defendant to play before the jury for impeachment purposes a tape recording of testimony of the witnesses at the preliminary hearing where defendant was given the full opportunity at trial to impeach the witnesses through questions concerning the prior inconsistent statements.

APPEAL by defendant from *Davis, Judge.* Judgment entered 19 November 1981 in Superior Court, WILKES County. Heard in the Court of Appeals 12 October 1982.

Defendant was charged in a proper bill of indictment with felonious breaking or entering. He pleaded not guilty. The jury found defendant guilty as charged and the court entered a judgment imposing a prison sentence of not less than seven nor more than ten years. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Ted West Professional Association, by Davis S. Lackey and Ted G. West, for the defendant, appellant.*

HEDRICK, Judge.

Defendant brings forward one assignment of error on appeal. He argues that the trial judge committed prejudicial error in denying his motions to play, in the presence of the jury, a tape recording of testimony from his preliminary hearing for the purpose of impeachment. We do not agree.

The tape recording in question contained testimony of two witnesses from the prior proceeding which defendant contends placed him in a certain pawn shop on 3 April 1981, a date for which he was able to offer an alibi. At trial, the evidence from these witnesses was that defendant pawned certain stolen goods at 4:40 p.m. on the date of the robbery, 2 April 1981. During an in-

tensive cross examination by defendant's counsel, both witnesses explained that any discrepancy in the dates was due to a book-keeping procedure in which after 4:00 p.m. on 2 April the pawn ticket would have been "turned over" to reflect a transaction on the next day, 3 April. Even were we to concede for the sake of argument that the testimony of these witnesses at the preliminary hearing and at trial was entirely inconsistent, there has been no prejudice to the defendant in the denial of his request to play the tape recording before the jury. Where a defendant is given full opportunity to impeach a witness on the witness stand through questions concerning contradictory statements made on another occasion, he may not object to the court's denial of a request to further embellish his cross examination by means of a recording device. *State v. Yoes and Hale v. State*, 271 N.C. 616, 157 S.E. 2d 386 (1967); *State v. Brackett*, 55 N.C. App. 410, 285 S.E. 2d 852 (1982). We also note that defendant made no attempt to introduce the tape recording for impeachment purposes when he was presenting his own evidence. *Id.*

We hold the defendant had a fair trial free of prejudicial error.

No error.

Judges WELLS and HILL concur.